IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIDGETTE R. PINKELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV373 |
| | ) | |
| V. | ) | |
| | ) | ORDER |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Bridgette R. Pinkelman's ("plaintiff") motion for attorney fees, Filing No. 23, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (2007), and the Social Security Act, 42 U.S.C. § 406(b). Pursuant to sentence four of 42 U.S.C. § 405(g), the court entered an order and judgment reversing the Administrative Law Judge and finding the plaintiff eligible for disability benefits. Filing Nos. 18, 19. The court reversed and remanded this case to Jo Anne B. Barnhart, Commissioner of the Social Security Administration ("defendant"), for computation and determination of benefits. Filing No. 18. Plaintiff thereafter filed this motion for attorney fees with accompanying exhibits. Filing No. 23. Plaintiff requests compensation for 20.85 hours of attorney time before this court, for a total of $3,414.18 under the EAJA. The Commissioner does not object to plaintiff's counsel's request for EAJA fees.

The EAJA provides for the award of attorney fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil action" in which it prevailed. 28 U.S.C. § 2412(d)(1)(A),(2)(B); *United States SEC v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004). Furthermore, in order for claimants to qualify for EAJA attorney fees, the Commissioner's position must not have been substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005); *Brouwers v. Bowen*, 823

F.2d 273, 275 (8th Cir. 1987). To establish substantial justification, the Commissioner must show the denial had a reasonable basis in law and fact. *Goad*, 398 F.3d at 1025; *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988). The Commissioner has the burden of proving that its position was substantially justified, or that special circumstances make an award of attorney fees and expenses unjust. *Koss v. Sullivan*, 982 F.2d 1226, 1228-29 (8th Cir. 1993); 28 U.S.C. § 2412(d)(1)(A).

After carefully reviewing the record and, in particular, the itemized amounts set forth in plaintiff's counsel's affidavit, *see* Filing No. 23, the court concludes the reported 20.85 hours of work spent on this case is reasonable. Plaintiff's net worth did not exceed two million dollars at the time the action was filed, and there is no question that the fees sought were incurred in the same action in which plaintiff prevailed. As the court noted in its previous memorandum and order, "the record overwhelmingly supports a finding of disability." Filing No. 18. Accordingly, the court finds that the defendant was not substantially justified, plaintiff is a prevailing party, and an award of attorney fees in the amount of $3,414.18 is reasonable and warranted.

The court now turns to plaintiff's request for attorney fees under section 406. Under the EAJA and 42 U.S.C. § 406(b), courts may award attorney fees to prevailing claimants and their attorneys. *Gisbrecht*, 535 U.S. at 796. A double recovery, however, is not permitted. When both awards are granted, the attorney must refund the lesser award to the client. *Id.* "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* (quotations and ellipses omitted).

In this case, the plaintiff had entered into an attorney retainer agreement that provides plaintiff's attorney, Mary P. Clarkson, with payment of 25 percent of the past-due benefits awarded to plaintiff. Filing No. 23, Attachment 1 (Exhibit A). The Commissioner issued plaintiff a notice awarding plaintiff $90,989.00 in past-due benefits. Filing No. 23, ¶ 4. Of that amount, $21,616.75, or 25 percent, was withheld for attorney fees. *Id.* at ¶ 6. Accordingly, plaintiff's counsel seeks compensation under 42 U.S.C. § 406(b) in the amount of $21,616.75. Defendant requests that the court examine the reasonableness of plaintiff's § 406(b) fee request. Filing No. 24.

The Social Security Act authorizes a federal district court to award attorney fees for representation before the court under 42 U.S.C. § 406(b). Congress enacted § 406(b) to "protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of appropriate fees." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002). Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded. 42 U.S.C. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2006).

Prior to the Supreme Court's decision in *Gisbrecht v. Barnhart,* 535 U.S. 789 (2002), the Eighth Circuit followed the "lodestar method" to determine a reasonable fee, multiplying the number of hours reasonably devoted to each case by the reasonable hourly fee. *Cotter v. Bowen*, 879 F.2d 359, 363 (8th Cir. 1989); *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir. 2001); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under the lodestar method, in determining reasonable attorney fees, the district court should consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1984), though

it need not exhaustively address every factor.[1]  *Emery*, 272 F.3d at 1048.  However, in *Gisbrecht*, the Supreme Court reversed the Ninth Circuit's use of the lodestar method for determining a reasonable fee, and cited the Eighth Circuit's decision in *Cotter* as a similar case that followed such a methodology.  *Gisbrecht*, 535 U.S. at 799.  The Supreme Court determined the proper approach to fee determinations required courts to look first at the contingent fee agreement and then test it for reasonableness.  *Id.* at 808.  Whether the *Johnson* factors remain determinative for a finding of reasonableness after assessing the contingent fee agreement remains unclear.[2]  At least one district court in this circuit has applied similar factors (*see Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983)) after noting the existence of a contingency-fee agreement.  *Wallace v. Barnhart*, 2004 U.S. Dist. LEXIS 7214 (D. Iowa 2004).

"[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Id.* at 807.  However, a contingency-fee agreement that provides for fees in excess of the boundary imposed by Congress, 25 percent of past-due benefits, is *per se* unreasonable.  *See id.*; 42 U.S.C. § 406(b)(1)(A).  If the contingency-fee agreement is at or below the 25 percent boundary, the attorney for the successful claimant must establish that

---

[1]The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Johnson*, 488 F.2d at 717-19.

[2]"After *Gisbrecht*, counsel and their clients cannot predict with any degree of certainty what courts will award as 'reasonable' fees under section 406(b), particularly where the benefits are large in comparison to the amount of time spent by counsel."  *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1173-1174 (D. Cal. 2006).  Further guidance from the appellate courts may be unlikely, given the Supreme Court's statement in *Gisbrecht*: "Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review."  *Gisbrecht*, 535 U.S. at 808.

4

the fee sought is reasonable in proportion to the services rendered. *Gisbrecht*, 535 U.S. at 807.

District courts are tasked with the responsibility of conducting an "independent check" to ensure the fee award is reasonable. *Id*. A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved. *Id*. at 808. To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case. *Id*.; *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) ("Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate"). Courts may also reduce an award in situations "occasioned by improper conduct or ineffectiveness of counsel," such as where an attorney delays a case to increase the attorney's share of "past-due" benefits. *Rodriquez*, 865 F.2d at 746; *Gisbrecht*, 535 U.S. at 808.

The court, having reviewed this case in light of *Gisbrecht* and its progeny, is required to give primacy to the contingent-fee agreement. Here, the agreement calls for a fee of 25 percent of past-due benefits, the same benchmark percentage permitted by statute. *See* Filing No. 23, Attachment 1 (Exhibit A); 42 U.S.C. § 406(b)(1)(A). Plaintiff's counsel alleges to have spent 39.65 total hours on this case, of which, 20.85 hours represent work spent before this court. Filing No. 23, Attachment 1, ¶¶ 3, 4. Counsel achieved a favorable result for plaintiff and bore the risk of no payment under the contingency-fee agreement had plaintiff not been successful.

*Gisbrecht's* instructions do not raise cause for concern here, and nor do the traditional lodestar-type factors raise cause for concern that the attorney fee amount sought here represents a potential windfall. The $90,989.00 in past-due benefits plaintiff recovered is reasonable in comparison to the 25 percent contingent-fee arrangement contemplated between plaintiff and her counsel. *See Gisbrecht*, 535 U.S. at 808. The court does not intend to discourage or make it financially impossible for attorneys to undertake the role of representing Social Security claimants in our judicial system. Therefore, the contingent risk undertaken by plaintiff's counsel should be reasonably compensated. In accordance with *Gisbrecht*, the court concludes that plaintiff's counsel has met the burden of showing the reasonableness of the fees requested under 42 U.S.C. § 406(b). After carefully reviewing the record, and in particular, the itemized amounts set forth in the affidavit of plaintiff's attorney, Mary P. Clarkson, Filing No. 23, Attachment 1, the court concludes that a 42 U.S.C. § 406(b) fee award in the amount of $21,616.75 is reasonable and should be awarded.

THEREFORE, IT IS ORDERED that

1. Plaintiff's motion for attorney fees, Filing No. 23, is granted. Plaintiff is awarded attorney fees in the amount of $3,414.18.

2. Section 406(b) fees are allowed in the amount of $21,616.75, to be paid out of the sum withheld by the Commissioner from plaintiff's past-due benefits.

3. Counsel shall reimburse plaintiff in the amount of $3,414.18, the lesser amount awarded under the EAJA.

DATED this 20th day of August, 2007.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief United States District Judge